SAMUEL I. SERRELL et al.

*v.*

SYLVESTER J. BETTS.

[Submitted February 6th, 1899.   Filed February 25th, 1899.]

Encumbered property was purchased by S. for B. S. instructed B. to have the deed made to himself direct, "making you subject to the present bond and mortgage now against the same." In her letter she stated that she would guarantee B. that she (S.) would pay off the mortgage. B. took the deed and therein covenanted to pay the mortgage.—*Held*, that this covenant to pay was a sufficient consideration for the guarantee of S. to discharge the mortgage indebtedness.

On bill.

*Mr. James P. Northrop*, for the complainants.

*Mr. William P. Carey*, for the defendant.

STEVENS, V. C.

The complainants are executors of Mary E. Serrell, and as such file their bill to foreclose two mortgages, one made in the year 1885, to secure the sum of $900, and the other made in the year 1890, to secure the sum of $400. Both of them became vested by assignment in Mary E. Serrell, complainants' testator, under the following circumstances :

The defendant, Sylvester J. Betts, is pastor of the People's Church, in Bayonne. Adjoining the mission or church in which he officiates is the house and lot covered by the above mortgages. Mrs. Serrell being much interested in the work of the mission and in its minister, became desirous of giving him this property for a parsonage. Accordingly, on March 25th, 1896, it was purchased in his name for $1,600. Of this sum $1,200 represents the principal then due on the above mortgages and $400 was given by Mrs. Serrell to Mr. Betts to pay the balance of the purchase-money. The day before the deed was acknowledged and delivered she wrote him as follows :

*"Mr. S. J. Betts:*

" MY DEAR SIR—You will please see that the deed of the property that is to be transferred to-morrow is made out in your name and making you subject to the present bond and mortgage now against the same, and I hereby guarantee you that I will pay off the same and take care of the interest of it in a short time.                    I am yours resp'y,
" March 24, 1896.                    MARY E. SERRELL."

The deed referred to in this letter, which is dated March 23d, 1896—that is, one day before the letter was written, and two days before it was acknowledged and delivered—contains the following assumption clause :

" Subject, however, to certain mortgages now a lien on said premises held by estate of C. P. Vreeland, upon which there is now due the sum of $1,200 of principal besides interest; and said party of the second part assumes and agrees to pay the said sum due and to grow due upon said mortgages as part of the consideration for this conveyance."

On May 13th, 1896, Mrs. Serrell took and recorded an assign-ment of the mortgages and died one year afterwards, without having canceled them, and without having made any demand upon Mr. Betts for either principal or interest. To the bill to foreclose, Mr. Betts files an answer by way of cross-bill, setting up the above guaranty and asking that the mortgages be canceled.

The only question raised by the pleadings is whether the guaranty contained in the letter is founded on sufficient consideration; the claim on the part of the complainants being that it is, for lack of such consideration, *nudum pactum.*

I think the promise enforceable, because based upon the assumption clause in the deed. If the property had been conveyed to Mr. Betts *subject* to the mortgages merely, there would have been no consideration for the promise. There would have been neither benefit to Mrs. Serrell nor detriment to Mr. Betts. The liability to pay taxes, insurance and interest would not have been a detriment within the meaning of the expression " consideration." The burden would have arisen subsequently and might, besides, have been avoided altogether either by a resale or by a simple refusal to pay. But Mr. Betts expressly covenanted with his grantors to assume the payment of the mortgages and this cast upon him a primary personal obligation to discharge them. The obligation thus imposed was clearly legal detriment. It is true that the property itself might have ultimately sufficed to indemnify Mr. Betts against loss. It might or it might not. But what he undertook was a present obligation to pay on demand (for both the bonds had then matured), a large sum of money. The evidence is that he was a missionary without means of his own, dependent for support upon the bounty of those interested in his work. He was quite unable to meet any demand upon him for the money and he might well have hesitated to enter into an obligation to pay it without having been previously indemnified. It seems to me, therefore, that the covenant, which was virtually a covenant to pay on demand the sum of $1,200, was a sufficient consideration for the promise.

So far the case seems clear. The difficulty that I have had has arisen out of the language of the guaranty. Does it make

the mere transfer of the property the consideration for the promise, or does it make the assumption of the mortgages the consideration ?   I think it makes the assumption, the consideration.   Mr. Kennedy, who acted in the matter, was not sworn to explain what took place.   Counsel on both sides preferred to rest solely on the documents.   Only the signature of the letter, which seems to have been penned by one having some knowledge of legal forms, is in Mrs. Serrell's handwriting.   This is its language : " You will please see that the deed of the property that is to be transferred to-morrow is made out in your name and making *you* subject to the present bond and mortgage *against the same.*"

Now the property, as has been stated, was already subject to the mortgages, and Mrs. Serrell recognizes this when she uses the expression *" against the same."*   When she says, then, " making *you* subject to the bond and mortgage," she refers to something in addition to the liability already recognized as existing.   Not only is the *property to* be subject to the bond and mortgage, but Mr. Betts is to be subject to it.   But how otherwise can Mr. Betts be subject to it than by assuming it?   It would seem, therefore, reasonable to conclude that the then owner of the property having demanded that the purchaser assume the encumbrance, the guaranty was given to indemnify Mr. Betts against the consequences of entering into such a covenant.

The will of Mrs. Serrell has nothing to do with the case.   The property in question belongs to Mr. Betts personally, while the bequest of $2,000 is "to be used by him at his discretion in evangelical work in Centreville, Bayonne."   *Pom. Eq. Jur.* §§ *533, 537.*